

FILED
JUN 21 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
HEATHER MARDEL JONES
Assistant United States Attorneys
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
(559) 497-4000  Telephone
(559) 497-4099  Facsimile

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:13-CV-00702-LJO-SKO |
| Plaintiff, | **ORDER REGARDING CLERK'S ISSUANCE OF WARRANT FOR ARREST OF ARTICLES *IN REM*** |
| v. | |
| APPROXIMATELY $75,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

WHEREAS, a Verified Complaint for Forfeiture *In Rem* has been filed on May 13, 2013, in the United States District Court for the Eastern District of California, alleging that the defendant approximately $75,000.00 in U.S. Currency (hereafter "defendant currency") is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) for one or more violations of 21 U.S.C. §§ 841 *et seq.*;

And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem* and the affidavit of Drug Enforcement Administration Special Agent Anthony R. Ward, there is probable cause to believe that the defendant currency so described constitutes property that is subject to forfeiture for such violation(s), and that grounds for the issuance of a Warrant for Arrest of Articles *In Rem* exist, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

IT IS HEREBY ORDERED that the Clerk for the United States District Court,

1  Eastern District of California, shall issue a Warrant for Arrest of Articles *In Rem* for the
2  defendant currency.
3  Dated: June 20, 2013                    /s/ Sheila K. Oberto
                                            SHEILA K. OBERTO
4                                           United States Magistrate Judge

### AFFIDAVIT OF ANTHONY R. WARD

I, Anthony R. Ward, being first duly sworn under oath, depose and say:

1. I am a Special Agent for the Drug Enforcement Administration (DEA), assigned to the Fresno Resident Office, and have been so employed for over 7 years. I received sixteen weeks of training in narcotics investigations at the DEA Justice Training Center in Quantico, Virginia. I have worked as a case agent and assisted other agents and officers in their investigations on cases involving violations of Title 21 of the United States Code, specifically including the manufacture and distribution of marijuana, methamphetamine, heroin, cocaine, oxycodone, ecstasy, and khat. I have testified before several federal grand jury panels and in federal court. Through my training and experience, I have become acquainted with the identification of various controlled substances and various methods utilized by these persons to manufacture, possess, transport, distribute, and sell controlled substances. The facts set forth in this affidavit are known to me as a result of my involvement with this investigation and from conversations with, and reports from other law enforcement officers and agents also involved in this investigation.

2. The facts set forth in this affidavit are known to me as a result of my participation in this investigation and speaking with other law enforcement officials.

3. This affidavit is made in support of a warrant for arrest of defendant approximately $75,000.00 in U.S. Currency ("the defendant currency"). The defendant currency constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and is proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*

4. Based on my training and experience and conversations with other agents, detectives and officers experienced in conducting drug investigations, I know that the aggregate of the circumstances which includes the manner in which the defendant currency was packaged, that rental cars are of common use amongst drug couriers, the nervous behavior of the passenger, the prior narcotics trafficking arrest of the driver, the gross

difference between the amount the passenger said he had packaged ($60,000) and the amount located when an official count was conducted ($75,000), and the positive dog alert on the defendant currency, are all consistent with persons hired to transport drugs or money in the course of a drug transaction.

5. The facts set forth in this affidavit are known to me as a result of reviewing official reports, documents, and other evidence obtained as a result of the investigation, and through conversations with other agents and detectives who have participated in this investigation and I have determined the following:

6. On November 15, 2012, a Fresno County Sheriff's Office detective conducted a vehicle stop on a white Chevrolet Impala bearing California license plate number 6YCN306 (registered owner as Ean Holdings LLC at 6929 N. Lakewood Avenue, Tulsa, Oklahoma) for speeding on northbound Interstate 5 near Dorris Avenue in Fresno County, California. The detective contacted the passenger and driver and asked the driver for his driver's license, registration, and proof of insurance. The passenger, later identified by his driver's license as Michael Lau (hereafter "Lau"), stated that the vehicle was a rental car. The detective told Lau that was fine, but the he still needed the driver's information.

7. The driver then retrieved his driver's license from his wallet and was identified as Linn Van Nguyen (hereafter "Nguyen"). At the detective's request, Lau produced the car rental agreement from the vehicle glove box. The rental agreement showed the vehicle was rented on Wednesday, November 14, 2012, from Alamo Rental-Anaheim and was to be returned on Saturday, November 17, 2012, to the same location.

8. The detective asked from where they were coming and to where they were going. Again, Lau answered for Nguyen and said they were going to Nguyen's store in San Jose, California. The detective asked Nguyen what type of store he operated, and Lau again answered by saying, "It's a clothing store." The detective asked Nguyen if he was okay because Lau kept answering for him. Nguyen responded, "Yeah, everything is okay." The detective told both subjects that he would return and possibly issue Nguyen a warning citation.

9. The detective returned to his patrol vehicle and requested assistance from two other detectives. As the initiating detective was completing the warning citation, the two other detectives arrived to assist. The initiating detective informed the responding detective that the driver and passenger appeared to be nervous and that he was going to ask for consent to search the vehicle. The initiating detective then had the first assisting detective finish completing the citation for him so he could re-contact the driver and passenger.

10. After receiving the driver's license information from the initiating detective, the first assisting detective recognized Nguyen from a previous vehicle stop where Nguyen was discovered to be transporting marijuana. A records check showed that Nguyen has a California felony conviction for transporting marijuana and is currently on felony probation in Fresno County for the transportation of approximately 10 pounds of marijuana[1]. The initiating detective then contacted Nguyen and Lau and asked Nguyen to exit the vehicle to sign the citation. As Nguyen exited the vehicle and walked toward the patrol vehicle, the initiating detective asked Nguyen if he had anything illegal in the vehicle such as weapons, drugs, or large sums of money over ten thousand dollars. Nguyen said, "No, all I have is a box with clothes for my shop and it's in the trunk." The detective then asked Nguyen if he had any luggage to which Nguyen responded, "No, just the clothes." The detective then asked Nguyen if he could search the vehicle. Nguyen said he did not care but that the detective would need to check with Lau because he rented the vehicle. Nguyen stated that he is friends with Lau, had asked Lau for a ride since Lau was heading north, and upon agreeing to allow Nguyen to accompany him, Lau had asked Nguyen if Nguyen could drive. Nguyen stated that he did not notice the speed because he and Lau were talking. Nguyen stated that he had learned his lesson from the last time he was stopped by the Fresno County Sheriff's for having nine pounds of marijuana in his car.

---

[1] The seizure and arrest for the marijuana occurred on August 27, 2010 on Interstate 5 south of Highway 198 in Fresno County. Linn Nguyen was the driver and Jeff Phan was the passenger. Nguyen made admissions to growing marijuana for sale and profiting from distribution of marijuana.

11. The detective then contacted Lau and asked if he could search his vehicle and Lau said, "Sure." The detective then asked Lau if he had anything illegal in the vehicle such as weapons, drugs, or large sums of currency over ten thousand dollars. Lau responded, "No, all I have is a pocket knife." The detective asked Lau to step out of the vehicle so the detective could search the vehicle and asked if Lau had any property in the vehicle. Lau said the small suitcase in the trunk belonged to him. The detective then checked the vehicle for any sharp objects that could harm his narcotic detection canine "Cody" during a search of the vehicle.

12. The detective rolled up the windows for his canine's safety and to preserve any narcotic odor within the vehicle. The detective began the search with Cody at the front of the vehicle, working his way along the left side and to the rear of the vehicle. Cody had a change of behavior at the rear of the vehicle by spending a lot of time sniffing under the vehicle at the gas tank area, bumper and trunk area, but did not give a final response for the odor of narcotics. The detective continued with Cody along the right side of the vehicle toward the front. The detective opened the right front passenger door and directed Cody into the vehicle to continue the search. Cody searched the interior of the vehicle for the odor of narcotics with negative results. The detective then moved Cody to the rear of the vehicle.

13. The second assisting detective opened the trunk and discovered a small black suitcase and a medium sized cardboard box. The initiating detective directed Cody to enter the trunk to search for the odor of narcotics. During the search, Cody gave a positive and final response to odor of narcotics on the suitcase. The detective removed Cody from the trunk and separated the suitcase and the cardboard box. The detective directed Cody to re-enter the trunk and continue the search. During the search, Cody sniffed the cardboard box then returned to the suitcase and again gave a positive and final response to the odor of narcotics on the suitcase. The detective informed the second assisting detective of the alerts and returned Cody to the patrol vehicle. The initiating detective and the second assisting detective then searched the items in the trunk. The second assisting detective

Affidavit of Anthony R. Ward

4

opened the suitcase and noticed that it contained clothing along with three wrapped packages in gold-colored wrapping paper. The second assisting detective opened the cardboard box and noticed that it contained clothing. The second assisting detective opened the three wrapped gifts and found that all three contained an undetermined amount of U.S. currency which was later confirmed to be a total of $75,000. No other contraband was located in the vehicle and photographs were taken.

14. The initiating detective spoke with Lau regarding the defendant currency located in the vehicle and asked him why he did not tell the detective he was transporting money. Lau responded, "I've heard stories where the police accuse the person of being a dope dealer." The detective then asked Lau from where the defendant currency came and Lau said his father became ill and had an aneurism, so his family members pitched in to pay for the doctor bills. The detective asked Lau if he knew how much money he was transporting and he said, "Yeah, just a little under sixty thousand." The detective informed Lau that the defendant currency would be seized based on the canine alert and he felt that the defendant currency was from narcotic proceeds. Lau claimed that the defendant currency was not from narcotic proceeds and maybe the canine smelled the odor of marijuana on his suitcase. Lau also said he had a medical marijuana recommendation, which he provided to the detective. The first assisting detective explained the forfeiture proceedings to Lau and gave him a receipt for the defendant currency.

15. A formal count of the defendant currency was confirmed to be $75,000 and not $60,000 as claimed by Lau.

16. On February 12, 2013, Michael Lau filed a claim to the defendant currency alleging that the defendant currency is derived from his earnings and savings over a number of years from cable contracting work. Lau claims that the money was to be used to buy presents, entertain friends and family, and gamble at casinos.

17. Based on the evidence presented in this affidavit, it is my opinion that the currency described in this Affidavit are proceeds from criminal offenses or used to facilitate such criminal offenses, as described with more particularity above.

18. Based on the above, I believe there is probable cause to indicate that the defendant currency constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, and is proceeds traceable to such an exchange, and was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*, and that a Warrant for Arrest of Articles *In Rem*, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule G(3)(b)(i), be issued for the defendant currency.

---

ANTHONY R. WARD
Special Agent
Drug Enforcement Administration

Sworn to and Subscribed before me this 20th day of June 2013.

---

Honorable Sheila K. Oberto
United States Magistrate Judge

Reviewed and approved as to form.

---

Heather Mardel Jones
Assistant U.S. Attorney